### SMITH v. FREESE. *

### No. 16703.

Court of Appeal of Louisiana. Orleans.

June 14, 1937.

Chas. J. Mundy, of New Orleans, for appellant.

Jos. Rosenberg, of New Orleans, for appellee.

*Rehearing denied Oct. 4, 1937.

JANVIER, Judge.

On February 6, 1937, shortly before 6 o'clock p. m., there occurred an automobile collision at the corner of Magnolia and Second streets in which the cars involved were a De Soto coupé owned and driven by Carrie E. Smith, plaintiff, and a Hupmobile sedan owned and operated by Theodore T. Freese, Sr., defendant.

Magnolia street is a two-way thoroughfare on which are located two street car tracks, whereas Second street is a one-way street which crosses Magnolia at a right angle and on which traffic may proceed only towards the Mississippi river, which was the direction in which defendant, in his Hupmobile, was proceeding. Plaintiff was driving down Magnolia street. The collision occurred after defendant's car had crossed both car tracks on Magnolia street and had just entered the driveway on which plaintiff's De Soto was being driven. Just before the crash the two vehicles swerved, the driver of each attempting to avoid contact with the other, the De Soto of plaintiff turning to its right and crashing into a tree located on the sidewalk of Second street, a few feet from the lower river corner.

Plaintiff alleges that the sole cause of the accident was the negligence of defendant in failing to accord to her car the right of way to which it was entitled by reason of paragraph (a) of section 10 of article VI of the city traffic ordinance, No. 13,702 C.C.S., which provides that vehicles approaching such an intersection from the right shall be given precedence over those entering from the left. Plaintiff also asserts that defendant should have entered the intersection only after exercising extreme caution because of the fact that the corner is what is termed a "blind" one because of the presence of a building which extends to the limits of the property line and also because of the location on Second street, at that corner, of a caution sign reading "slow—dangerous corner."

Defendant declares that he came to a full stop before he entered and that, as he started his car, he saw plaintiff's automobile almost a block away on Magnolia street; that he proceeded entirely across and was required to go very slowly because the street was in bad condition due to repairs which were in progress; that he was almost across the intersection, having entered it first and having preempted it, when plaintiff's car suddenly crashed into his.

In the court a qua there was judgment dismissing plaintiff's suit, and she has appealed.

Whatever may have been the fault of defendant in entering the intersection and in proceeding to cross in spite of the fact that plaintiff's car was approaching, it is clearly established by the evidence that the proximate cause of the accident was the contributory negligence of plaintiff in not avoiding the other car, which she could easily have done had she been paying any attention. She very obviously was not looking ahead. because she states that she did not see defendant's car until the instant before the crash. Defendant's car was unquestionably driven into the intersection at a moderate speed, was crossing slowly, and, since Magnolia street is a fairly wide one on which there were located two street car tracks, it is certain that plaintiff could have seen defendant's car while it was crossing Magnolia street and could have avoided it. had she been looking. She claims to have approached the corner at a speed of only fifteen or twenty miles per hour, and yet she says, concerning defendant's car, that "it was right on me when I seen it." She should have seen it sooner, as she would have had she been careful.

Whether there were two other persons in her coupé with her, or only one, as she testifies, is of no importance.

The record does not justify a reversal, since it does not show manifest error, but, on the contrary, shows contributory negligence on the part of plaintiff. Plaintiff was the author of her own misfortune. She cannot recover.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.

Affirmed.